**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WALLACE MAC HAGGINS, III,

    Plaintiff - Appellant,

v.

DEFENSE CONTRACTING ACTIVITY, LLC; JOHN J. SNYDER,

    Defendants - Appellees.

No. 25-3039
(D.C. No. 5:24-CV-04018-TC-RES)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Wallace Mac Haggins, III, appeals the dismissal of his pro se employment

action against his former employer, Defense Contracting Activity, LLC, and his

supervisor, John Snyder.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm

the district court's judgment because Haggins waived appellate review by failing to

challenge the dismissal of his claims.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Haggins asserted Title VII and state-law claims for wrongful termination and retaliation based on his religion. He also cited two criminal statutes, 18 U.S.C. §§ 241 and 242. But he made no factual allegations, stating only: "Terminated employment, Did Not Accommodate Religious Request." R. at 11. Additionally, he filed several non-dispositive motions seeking recusal of the magistrate and district judges, disqualification of defendants' law firm, leave to amend the complaint, disclosure of alleged *ex parte* communications between the court and opposing counsel, and to strike several of defendants' pleadings.

The district court dismissed the action under Federal Rule of Civil Procedure 12(b)(6), concluding:

- there were no factual allegations to state plausible discrimination or retaliation claims under Title VII, *Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (stating elements of Title VII discrimination and retaliation claims);

- the Title VII claims against his supervisor were not cognizable because Snyder was not an "employer" under Title VII, *Haynes v. Williams*, 88 F.3d 898, 899, 901 (10th Cir. 1996);

- there were no allegations to support a state-law claim, over which the court should decline to exercise supplemental jurisdiction based on the dismissal of the federal claims, *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012 (10th Cir. 2024) ("district court[s] should normally dismiss supplemental state law claims after all federal claims have been dismissed"); and

- sections 241 and 242 do not provide a private cause of action, *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (§ 241); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (§ 242).

2

Given these dispositive rulings, the district court denied the motions as moot and on their merits.

## II

Now on appeal, Haggins challenges the denial of his motions for recusal and disqualification, but he does not challenge the dismissal of his substantive claims. Ordinarily, "[o]ur review of a district court's ruling on a motion to dismiss under Rule 12(b)(6) is de novo." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025). "To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Here, however, Haggins has waived appellate review by failing to raise any substantive argument challenging or even mentioning the dismissal of his claims.

Federal Rule of Appellate Procedure 28(a)(8)(A) requires that an appellant's opening brief contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). As we have explained, "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Id.* Pro se parties are not exempted from our rules of procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "When a pro se litigant fails to comply with that rule, we cannot fill the void

by crafting arguments and performing the necessary legal research." *Id.* at 841 (brackets and internal quotation marks omitted). Haggins' failure to challenge the district court's dismissal waives any argument he might have made. *See United States v. Yelloweagle*, 643 F.3d 1275, 1280 (10th Cir. 2011) ("[W]here [an appellant] raises an issue before the district court but does not pursue it on appeal, we ordinarily consider the issue waived.").

As for Haggins' arguments challenging the denial of his motions for recusal and disqualification, our disposition moots those issues. *See Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001) (recognizing an issue is moot when the court can grant no relief); *Tonkovich v. Bd. of Regents, Univ. of Kan.*, 254 F.3d 941, 946 (10th Cir. 2001) ("[O]ur conclusion that Plaintiff's federal and state claims no longer belong in federal court renders the recusal issue . . . moot.").

## III

The district court's judgment is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge